IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| LARRY DEAN GARRETT, JR., | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO. 3:16-cv-990-WKW |
| | ) [WO] |
| RANDOLPH COUNTY SHERIFF DEPARTMENT, *et al.*, | ) |
| Defendants. | ) |

**REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE AND ORDER**

**I. INTRODUCTION**

This 42 U.S.C. § 1983 action is pending before the court on a complaint filed by Plaintiff on October 16, 2016.[1] When he filed this action, Plaintiff was incarcerated at the Hoover City Jail in Hoover, Alabama. Plaintiff challenges matters which occurred at the Randolph County Jail in Wedowee, Alabama in February 2014. Doc. 1 at 3. He complains Defendants failed to protect him from an inmate assault. *Id.* at 3-6. Upon review of the complaint, the court concludes that this case is subject to dismissal under 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[1] Although the Clerk stamped the present complaint "filed" on October 20, 2016, Plaintiff signed his complaint on October 16, 2016. Doc. 1 at 4. The law is well settled that a *pro se* inmate's complaint is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-72 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the complaint] was delivered to prison authorities the day [Garrett] signed it." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). In light of the foregoing, the court considers October 16, 2016, as the date of filing.

[2] The court granted Plaintiff leave to proceed *in forma pauperis*. Doc. 7. Notwithstanding any filing fee, or any portion thereof that may have been paid by a plaintiff granted *pauper* status, a court may dismiss a case or claim at any time if it determines the complaint or claim is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)-(iii).

## II. DISCUSSION

Plaintiff references claims addressing actions taken against him which occurred at the Randolph County Jail on an unspecified date in February 2014. It is clear from the face of the complaint that any claims for relief presented by Plaintiff arising from actions which occurred, at the latest, on February 28, 2014, are barred by the two-year period of limitations applicable to 42 U.S.C. § 1983 actions filed in this court.

> All constitutional claims brought under § 1983 are tort actions, subject to the statute of limitations governing personal injury actions in the state where the § 1983 action has been brought. *Wilson v. Garcia*, 471 U.S. 261, 275-76, 105 S.Ct. 1938, 1946-47, 85 L.Ed.2d 254 (1985). [The plaintiff's] claim was brought in Alabama where the governing limitations period is two years. Ala. Code § 6-2-38; *Jones v. Preuit & Mauldin*, 876 F.2d 1480, 1483 (11th Cir. 1989) (en banc). Therefore, in order to have his claim heard, [the plaintiff is] required to bring it within two years from the date the limitations period began to run.

*McNair v. Allen*, 515 F.3d 1168, 1173 (11th Cir. 2008).

The allegations relative to Plaintiff's failure to protect claim occurred sometime in February of 2014. The limitations period begins to run when the cause of action accrues, and this is a question of federal law. *Rozar v. Mullis*, 85 F.3d 556, 561 (11th Cir. 1996). Generally, a cause of action accrues when the plaintiff knows or has reason to know (1) that he was injured, and (2) who inflicted the injury. *Id.* at 561–62. By its express terms, the tolling provision of *Ala. Code* § 6-2-8(a) provides no basis for relief to Plaintiff from application of the time bar.[3] Thus, the statute of limitations began to run on the claims arising from the challenged conduct, at the latest, on February 28, 2014. The limitation period ran uninterrupted until it expired on February 29, 2016. Plaintiff filed this action on October 16, 2016. This filing occurred after the limitation period expired, and review of these claims is, therefore, barred by the two-year period of limitations.

---

[3] This section allows tolling of the limitations period for an individual who "is, at the time the right accrues ... insane...." *Ala. Code* § 6-2-8(a). The complaint demonstrates that Plaintiff was not legally insane at the time of the challenged events so as to warrant tolling under *Ala. Code* § 6-2-8(a).

Unquestionably, the statute of limitations is usually a matter which may be raised as an affirmative defense. The court notes, however, that in an action proceeding under section 1983, it may consider, *sua sponte*, affirmative defenses that are apparent from the face of the complaint. *Clark v. Georgia Pardons and Parole Board*, 915 F.2d 636, 640 n.2 (11th Cir. 1990); *see also Ali v. Higgs*, 892 F.2d 438 (5th Cir. 1990). "[I]f the district court sees that an affirmative defense would defeat the action, a section 1915[(e)(2)(B)(i)] dismissal is allowed." *Clark*, 915 F.2d at 640. "The expiration of the statute of limitations is an affirmative defense the existence of which warrants dismissal as frivolous." *Id*. at n.2. In analyzing § 1983 cases, "the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Ali*, 892 F.2d at 440. "It necessarily follows that in the absence of . . . defendants the . . . court must evaluate the merit of the claim *sua sponte*." *Id*.

> An early determination of the merits of an IFP proceeding provides a significant benefit to courts (because it will allow them to use their scarce resources effectively and efficiently), to state officials (because it will free them from the burdens of frivolous and harassing litigation), and to prisoners (because courts will have the time, energy and inclination to give meritorious claims the attention they need and deserve). "We must take advantage of every tool in our judicial workshop." *Spears [v. McCotter]*, 766 F.2d [179, 182 (5th Cir. 1985)].

*Green v. McKaskle*, 788 F.2d 1116, 1120 (5th Cir. 1986).

Based on the facts apparent from the face of the present complaint, Plaintiff has no legal basis on which to proceed insofar as he presents claims regarding actions which occurred, at the latest, by February 28, 2014. In light of the foregoing, the court concludes this complaint is barred by the applicable statute of limitations and is, therefore, subject to dismissal as frivolous under 28 U.S.C. § 1915(e)(2)(B)(i).

### III. CONCLUSION

Accordingly, it is the Recommendation of the Magistrate Judge that this case be DISMISSED with prejudice prior to service of process under 28 U.S.C. § 1915(e)(2)(B)(i).

It is ORDERED that the Recommendation of the Magistrate Judge entered January 19, 2017 (Doc. 9), is WITHDRAWN.

It is further ORDERED that **on or before March 17, 2017**, Plaintiff may file an objection to the Recommendation. Any objection must specifically identify the factual findings and legal conclusions in the Recommendation to which Plaintiff objects. Frivolous, conclusive, or general objections will not be considered.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar a party from a *de novo* determination by the District Court of factual findings and legal issues covered in the report and shall "waive the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions" except upon grounds of plain error if necessary in the interests of justice. 11th Cir. R. 3-1; *see Resolution Trust Co. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1149 (11th Cir. 1993); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989).

DONE this 2nd day of March 2017.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES MAGISTRATE JUDGE